```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

CESAR ALEJANDRO IBARRA,          §
                                 §
          Petitioner,            §
                                 §
v.                               §   Civil Action No. 4:17-CV-044-Y
                                 §
ERIC D. WILSON,[1] Warden        §
FMC-Fort Worth,                  §
                                 §
          Respondent.            §

## OPINION AND ORDER

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner Cesar Alejandro Ibarra, a federal prisoner confined at FMC-Fort Worth in Fort Worth, Texas. After considering the pleadings and relief sought by Petitioner, the related briefs and the applicable law, the Court concludes that the § 2241 petition must be dismissed for lack of jurisdiction.

## I. BACKGROUND

Petitioner Cesar Alejandro Ibarra was convicted in the United States District Court for the Southern District of Iowa, Davenport division, in cause number 3:05-CR-0571-3 of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B), and 846. *See United States v. Ibarra,* No.3:05-CR-571-3

---

[1] Because Eric D. Wilson has replaced Rodney W. Chandler as Warden at FMC-Fort Worth, Wilson should "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The clerk of Court is directed to make this change on the docket of this case.

(S.D. Iowa July 23, 2007.)[2] The Respondent provided copies of several records from the underlying criminal case and an appeal. (App.(docs. 8-1 and 10-1).) During the sentencing proceeding, Ibarra's counsel made numerous objections to the presentence report ("PSR"), many of which addressed the amount of drugs for which the probation officer suggested Ibarra should be held responsible or the amount of drugs for which counsel asserted Ibarra should be held responsible. (App. (doc. 10-1) at 2-5.) Ibarra, himself, also made several objections to the PSR. (*Id*. at 6.)

A sentencing hearing was held on July 19 and 23, 2007. (App. (doc. 8-1) at 9.) During the hearing, the government presented witnesses, and Ibarra testified.(*Id*.) The court did not find Ibarra credible. (*Id*.) In calculating the appropriate guideline range, the court found the base offense level to be 34 based on the amount of drugs for which it found Ibarra responsible. (*Id.*) The court added to the base offense level two additional levels for possession of a firearm, four additional levels for being an organizer or leader of the offense, and two additional levels for obstruction of justice, resulting in a total offense level of 42. (*Id.*) The total offense level of 42, along with a criminal history category of I, resulted in a sentencing guideline range of 360 months to life imprisonment. (*Id.*) Ibarra was sentenced to 360 months' imprisonment. (*Id.*) The United States Court of Appeals for the Eighth Circuit affirmed the judgment of the sentencing court. (*Id*.

---

[2]The Court takes judicial notice of the judgment entered in *United States v. Ibarra*. *See* Fed. R. Evid. 201(b)(2) and (c)(1).

at 13.)

On December 22, 2014, the sentencing court, on its own motion, reduced Ibarra's sentence to 292 months' imprisonment as a result of Amendment 782 of the United States Sentencing Guidelines. (*Id.* at 14.) In its order, the court stated, "The defendant received a sentence at the bottom of the guideline range when originally sentenced. This sentence is at the bottom of the amended sentencing range." (*Id.*) The order was effective on November 2, 2015. (*Id.*)

On June 28, 2016, Ibarra filed a motion to reduce his sentence under Amendment 782. (*Id.* at 15.) The court denied the motion because it had already reduced Ibarra's sentence under Amendment 782. (*Id.*) Ibarra's projected good-conduct release date is February 9, 2027. (*Id.* at 21.)

**II. CLAIMS FOR RELIEF**

Ibarra titled his initial document merely "28 U.S.C. § 2241". (Pet. (doc. 1) at 1.) In that document, Ibarra challenges the imposition of his 360 months' sentence by the court, arguing that the court incorrectly calculated the guideline range, which substantially affected his rights. He contends that he is entitled to relief on the basis of the alleged sentence miscalculation under *Molina-Martinez v. United States,* 136 S. Ct. 1338 (2016). (*Id.* at 1, 3-5.) Ibarra also asserts that the record is silent as to how the sentencing court arrived at the proper guideline range, and that his counsel was deficient for failing to object to the total

3

offense level as determined by the probation officer. (*Id.* at 4-5.) Ibarra seeks to have the sentence that was imposed upon him reduced to a range of 97-121 months. (*Id.* at 6.)

**III. ANALYSIS**

A motion under § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)(per curiam)(citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000)(per curiam)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir.2001)). The so-called "savings clause" provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e)(West Supp. 2017). Under this "savings clause", the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir.2005)(per curiam).

4

Ibarra fails to show that the § 2255 remedy is either inadequate or ineffective to test the legality of his underlying sentence. Ibarra cannot rely on § 2241 merely because he may now be limited in his ability to seek relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000)(citing *Tolliver*, 211 F.3d at 878)(holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher,* 342 F.3d at 382 (citing *Reyes-Requena,* 243 F.3d at 904 and *Jeffers,* 253 F.3d at 830).

In this case, Ibara has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. As noted, all of Ibarra's arguments challenge the validity of the underlying calculation of the sentence imposed for his conspiracy conviction, but he makes no claim that he was actually convicted of a nonexistent offense. Second, Ibarra does not seek to establish that he is actually innocent of the charge against him. Because Ibarra challenges only his sentence, and not his conviction, his claims do not fall within the savings clause of

section 2255(e). *See Brown v. United States*, No.2:11-cv-858, 2011 WL 7426968, at *1–2 (W.D. La. 2011) (holding that § 2241 petition seeking relief challenging imposition of sentence under U.S.S.G. § 2D1.1(b)(1)[dangerous weapon possession] did not invoke the savings clause), *rep. and rec. adopted*, 2012 WL 629362 (W.D. La. 2012); *see generally Padilla*, 416 F.3d at 427 (contrasting claims challenging a sentence from those challenging a conviction); *Houston v. Upton*, 460 F. App'x 419, 420 (5th Cir. 2012) (holding that "a claim of actual innocence of a sentencing enhancement does not satisfy the savings clause").

And, although Ibarra refers to the recent Supreme Court decision in *Molina-Martinez*, 136 S.Ct. 1338 (2016), he has not argued that the case has been made retroactively applicable, and/or that the analysis establishes that he was actually innocent of the charges against him because the conduct for which he was convicted has been decriminalized. Relevant case law recognizes that the *Molina-Martinez* decision does not provide a basis for invoking the savings clause. *See generally Avila v. United States*, No.7:16-cv-700, 2017 WL 2391224, at *1 (S.D. Tex. April 21, 2017)(*Molina-Martinez* "addressed what showing a defendant must make on direct appeal [when claiming the trial court erred in its guideline calculations]; *Molina-Martinez* is not a vehicle for complaining of alleged guideline miscalculations on collateral review"); *United States v. Warren,* No.8:96-cr-64-T-23 TBM, 2017 WL 4426549, at *3 (M.D. Fla. Oct. 5, 2017)("*Molina-Martinez* neither asserts a new rule of constitutional law nor announces that the rule is retroactive on collateral review.")

Accordingly, Ibarra is not entitled to relief under § 2241, so

his petition seeking such relief must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (noting that since petitioner could not satisfy the § 2255 savings clause, district court's order denying petition was vacated, and case remanded with instructions to dismiss for lack of jurisdiction).

**IV. ORDER**

For the reasons discussed herein, petitioner Cesar Alejandro Ibarra's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

SIGNED February 27, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE